**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BRENDA HARRIS, et al.,          )<br>                                 )<br>               Plaintiffs,      )<br>                                 )<br>v.                               )<br>                                 )<br>AMERICAN GENERAL FINANCE, INC.,  )<br>                                 )<br>               Defendant.       )<br>_____)  | **CIVIL ACTION**<br><br>No. 02-1395-MLB |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Plaintiffs' motion to alter or amend judgment (Docs 43 and 53); and

2. American General's response (Doc. 63).

Plaintiffs have not filed a reply.

This case was tried to a jury which returned a verdict on September 8, 2005 (Doc. 41), finding that defendant violated the Kansas Consumer Protection Act (KCPA) by disregarding plaintiffs' payment instructions relating to loans. The jury assessed damages of $500 and found that plaintiffs sustained a loss of use of money as a result of defendant's deceptive act. After the jury returned its verdict, the court advised counsel to try to work out the matter of attorney's fees, which counsel agreed to do. During the succeeding months, both the court and the court's clerk occasionally conferred with counsel, trying to determine the status of the attorney's fee discussions. When nothing happened, the court instructed the clerk to enter judgment in favor of plaintiffs for $500. Judgment was filed on January 30, 2006 (Doc. 42).

On February 28, plaintiffs filed their Fed. R. Civ. P. 60 motion to alter or amend judgment noting that the judgment did not address the civil penalty provided for in K.S.A. 50-634(b) and 50-626(a) as well as reasonable attorney fees as allowed by K.S.A. 50-634(e) (Doc. 43).[1]  The next day, March 1, plaintiffs filed a notice of appeal (Doc. 44).

Concerned that plaintiffs' notice of appeal deprived this court of jurisdiction to rule on plaintiffs' Rule 60 motion, the court contacted Doug Cressler, chief deputy clerk of the Tenth Circuit.  By email dated May 3, Mr. Cressler provided the following advice:

> If you enter judgment and a notice of appeal is filed, you have the authority to rule on any Trial Rule 60(b) motion that is filed within ten days of the final judgment, regardless of how you intend to rule.  See Fed. R. App. P. 4(a)(4)(vi).
>
> If you enter judgment and a notice of appeal is filed, you have the authority to rule on any Trial Rule 60(b) motion that is filed after the ten day period but only if you intend to deny the motion.  If you intend to grant it, then you must advise the parties of your intent to grant the motion and they must then seek a remand from this court so that you might enter a new judgment.  See Blinder, Robinson, & Co. v. U.S.S.E.C., 748 F.3d 1415, 1420 (10th Cir. 1984).

The court notified counsel regarding Mr. Cressler's advice. In the meantime, the Tenth Circuit scheduled a mediation. Plaintiffs' counsel discussed the pending Rule 60 motion with the Tenth Circuit's mediator and was informed that the mediation would be put on hold until the court ruled on the motion.

Defendant filed its response to plaintiffs' motion on June 12

---

[1] Plaintiffs filed their memorandum in support of their Rule 60 motion on April 19, 2006 (Doc. 63).

-2-

(Doc. 63). No reply has been filed.

Plaintiffs request this court to amend its judgment to impose a $10,000 statutory penalty. Defendant responds that plaintiff is entitled to either actual damages or a civil penalty, whichever is greater but not both, citing <u>Bell v. Kent-Brown Chevrolet Co.</u>, 1 Kan. App. 2d 131, 135 561 P.2d 907 (1977).

The court has considered the parties' positions with respect to a civil penalty, has reviewed its notes regarding the trial and its instructions to the jury. The court is satisfied that the jury adequately appraised defendant's conduct as well as plaintiffs' damages. The jury obviously did not find that defendant's conduct "was brazenly wrong" as plaintiffs contend. The evidence demonstrated that while defendant did not follow plaintiffs' instructions regarding application of payments to plaintiffs' loans, thereby committing a violation of the KCPA, it did not do so with any sort of wrongful or malevolent intent. There is no basis for the court to throw out the jury's award of damages and impose a penalty instead.

Accordingly, plaintiffs' motion to amend the judgment to include (or more appropriately substitute) a statutory penalty is denied.

Turning to plaintiffs' motion to amend to include an award of attorney's fees, plaintiffs' counsel asserts that he has filed "a detailed accounting log demonstrating in excess of 120 hours of time in this matter and has voluntarily eliminated approximately 8 hours as a 'reasonable' billing adjustment." Plaintiffs put forth a rather lengthy argument regarding the recovery of

attorney's fees in civil rights cases and the difficulty of allocating attorney's fees between successful and unsuccessful claims.

Unfortunately, plaintiff does not address <u>DeSpiegelaere v. Killion</u>, 24 Kan. App. 2d 542, 947 P.2d 1039 (1997) which holds, in substance, that counsel seeking an award of attorney's fees in a KCPA case must segregate his time to different causes of action, and, if counsel does not, ". . . it could well be that a court could find a failure of proof and award no attorney fees." 24 Kan. App. 2d at 549. Apparently, this is the case here. Plaintiffs asserted several claims but prevailed on only one. Defendant has done a good job of pointing out that there is no commonality between the claims on which plaintiffs did not prevail and the claim on which they did.

Because plaintiffs have not addressed <u>DeSpiegelaere</u>, the court would be within his discretion to deny an award of attorney's fees. However, out of an abundance of caution, the court will allow plaintiffs' counsel to file an offer of proof with respect to his fees, applying the <u>DeSpiegelaere</u> standards. The offer of proof must be filed on or before August 25 and no extension of that date will be allowed. Defendant may respond by September 1 and that date also will not be extended. Based on these submissions, the court will decide whether it will award attorney's fees which will require an amended judgment.

Returning to Mr. Cressler's email, it would appear that plaintiffs must seek a remand in order for an amended judgment to be entered <u>unless</u> Mr. Arbuckle's conversations with the Tenth

-4-


Circuit mediator somehow supercede that requirement.  Mr. Arbuckle must touch base with the mediator, make the mediator aware of Mr. Cressler's position, and get a definitive statement regarding whether a remand will be necessary should the court choose to award attorney's fees.  He is to report on that inquiry by August 25.

If Mr. Arbuckle does not file an offer of proof by August 25, plaintiffs' motion to amend will be denied.

IT IS SO ORDERED.

Dated this    17th    day of August 2006, at Wichita, Kansas.

                                      s/ Monti Belot
                                      Monti L. Belot
                                      UNITED STATES DISTRICT JUDGE